**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JESSE DOSHAY,

                Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,

                Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Jesse Doshay is a natural person.

8.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant NCO Financial Systems, Inc. is a Pennsylvania corporation operating from an address at 507 Prudential Road, Horsham, Pennsylvania, 19044.

12.   The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

2

## FACTUAL ALLEGATIONS

18.   Sometime before 2013 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amounts due and owing on personal North Suburban Medical Center accounts (hereinafter collectively referred to as the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with North Suburban Medical Center.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.   The Account was placed or otherwise transferred to the Defendant for collection, Defendant's account Numbers 45668685 and 45783078.

23.   The Plaintiff disputes the Account.

24.   The Plaintiff requests that the Defendant cease all further communication on the Account.

25.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.   The Defendant acted at all times mentioned herein through its employee(s).

27.   In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28.   The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account

conveyed information regarding the Account directly or indirectly to the Plaintiff.

29.     The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

30.     In the year prior to the filing of the instant action the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

31.     During the telephone conversation(s) in the year prior to the filing of the instant action between the Defendant and the Plaintiff regarding the Account the Defendant via its employee informed the Plaintiff that the Defendant had the Plaintiff's North Suburban Medical Center account and stated the balance due on the Account.

32.     During the telephone conversation(s) in the year prior to the filing of the instant action between the Defendant and the Plaintiff regarding the Account the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant while attempting to collect the Account represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

33.     The Defendant's representation stated in paragraph 32 was false and was a false representation in connection with the collection of a debt, the Account.

34.  During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

35.  During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

36.  During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that that Account is disputed.

37.  During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that that Account is disputed.

38.  On November 1, 2013 the Plaintiff had a telephone conversation(s) regarding the Account with the Defendant via its employee(s).

39.  During the telephone conversation(s) on November 1, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee informed the Plaintiff that the Defendant had the Plaintiff's North Suburban Medical Center account and stated the balance due on the Account.

40.   During the telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

41.   During the telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

42.   During the telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that that Account is disputed.

43.   During the telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that that Account is disputed.

44.   The Defendant was aware that the Account was disputed on November 1, 2013.

45.   The Defendant had knowledge that the Account was disputed on November 1, 2013.

46.   After November 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

47.   After November 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the

Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account is disputed.

48. The information communicated to Experian by the Defendant after November 1, 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Experian.

49. The information communicated to Experian by the Defendant after November 1, 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

50. The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after November 1, 2013 to Experian in connection with the collection of the Account.

51. After November 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

52. After November 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account is disputed.

53.     The information communicated to Equifax by the Defendant after November 1, 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Equifax.

54.     The information communicated to Equifax by the Defendant after November 1, 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

55.     The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after November 1, 2013 to Equifax in connection with the collection of the Account.

56.     After November 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

57.     After November 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account is disputed.

58.     The information communicated to Transunion by the Defendant after November 1, 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Transunion.

59.     The information communicated to Transunion by the Defendant after November 1, 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

60.     The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after November 1, 2013 to Transunion in connection with the collection of the Account.

61.     Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

62.     Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

63.     Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

64.     Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

65.     Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

66.   Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

67.   Upon information and belief in 2013 and 2014 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

68.   Upon information and belief in 2013 and 2014 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

69.   Upon information and belief in 2013 and 2014 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

70.   The telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account conveyed information regarding the Account directly or indirectly to the Plaintiff.

71.   The telephone conversation(s) on November 1, 2013 between the Plaintiff and the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

72.   On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account on November 1, 2013.

73.     On information and belief the Defendant has a copy and/or copies of its audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account on November 1, 2013.

74.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account.

75.     On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account.

76.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account.

77.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account.

78.     On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account substantiate the Plaintiff's allegations in this action.

79.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Account in 2013 and 2014.

80.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax regarding the Account in 2013 and 2014.

81.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion regarding the Account in 2013 and 2014.

82.   The Defendant's statement(s) and/or omission(s) and/or action(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

83.   Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

84.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

85.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796

F.Supp.2d 1301, 1304 (D.Colo. 2011).

86.    As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

87.    The previous paragraphs are incorporated into this Count as if set forth in full.

88.    The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8) and e(10).

89.    Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.   U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.    Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_ _____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff